

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 18, 2006

The Honorable Frank J. Corte, Jr.
Chair, Committee on Defense Affairs and
   State-Federal Relations
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0463

Re: Whether the firearms standards of the Bureau of Customs and Border Protection[1] meet the criteria of Texas law  (RQ-0463-GA)

Dear Representative Corte:

The federal Law Enforcement Officers Safety Act of 2004 (the "Act")[2] permits an individual who is a qualified retired law enforcement officer to carry concealed firearms in any state if the individual satisfies the Act's requirements. One of those requirements is that the individual "has met . . . the State's standards for training and qualification for active law enforcement officers to carry firearms." 18 U.S.C.A. § 926C(c)(5) (West Supp. 2006). You ask whether the firearm standards of the federal Bureau of Customs and Border Protection (the "Bureau") meet the training and qualification standards of the State of Texas.[3]

The state's firearm training and qualifying standards for active law enforcement officers are established by the Texas Commission on Law Enforcement Officer Standards and Education (the "Commission"). Chapter 1701 of the Occupations Code requires the Commission to establish and maintain training programs for peace officers or reserve law enforcement officers. See TEX. OCC. CODE ANN. § 1701.251(a) (Vernon 2004); see also id. § 1701.001(4) (Vernon Supp. 2005) (defining "peace officer" as "a person elected, employed, or appointed as a peace officer under" article 2.12 of the Code of Criminal Procedure or other law); TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2005) (listing peace officers). The initial training, including weapons proficiency training, must be conducted by Commission staff or by other entities the Commission considers appropriate. See TEX. OCC. CODE ANN. §§ 1701.251(a), .256 (Vernon 2004); see also id. §§ 1701.308 (stating

---

[1] The Bureau of Customs and Border Protection, formerly the Customs Service, see H. Doc. No. 108-32 (2003), is also referred to as the United States Customs and Border Protection.

[2] See Law Enforcement Officers Safety Act of 2004, Pub. L. No. 108-277, 118 Stat. 865.

[3] See Letter and attachments from Honorable Frank J. Corte, Jr., Chair, Committee on Defense Affairs and State-Federal Relations, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Mar. 14, 2006) (on file with the Opinion Committee, also available at http://www.oag.state.tx.us) [hereinafter Request Letter].

that an applicant for a peace officer license must demonstrate weapons proficiency), .307(5) (stating that the Commission may issue a license to a person who completes required training and demonstrates weapons proficiency). Thereafter, a peace officer must annually demonstrate firearm proficiency to the employing agency: An agency that employs at least two peace officers must designate a firearms proficiency officer and require each officer employed by the agency to demonstrate weapons proficiency to the firearms proficiency officer at least annually. *See id.* § 1701.355(a). The Commission is directed to define weapons proficiency for the purposes of the annual demonstration. *Id.* § 1701.355(c).

The Commission has defined and set out the requirements for "firearm proficiency" in title 37, section 217.21 of the Texas Administrative Code. *See* 37 TEX. ADMIN. CODE § 217.21 (2006) ("Firearm Proficiency Requirements"). "Firearm proficiency" means the "[s]uccessful completion of the annual firearms proficiency requirements." *Id.* § 211.1(a)(27) ("Definitions"). Those annual firearm proficiency requirements include an external inspection to determine the safety and functioning of weapons, a demonstration in the care and cleaning of the weapons used, and "a course of fire that meets or exceeds the minimum standards." *Id.* § 217.21(b)(1)–(3). The minimum firing standards generally require, for a variety of weapons, firing a minimum number of rounds within a specified range of distances. *See id.* § 217.21(c)(1)–(5). For instance, for handguns, the requirement is "a minimum of 50 rounds, including at least five rounds of duty ammunition, fired at ranges from point-blank to at least 15 yards with at least 20 rounds at or beyond seven yards, including at least one timed reload." *Id.* § 217.21(c)(1); *see also id.* § 217.21(c)(2) (shotguns), (3) (rifles), (4) (patrol rifles), (5) (fully automatic weapons). The "minimum passing percentage [must] be 70 for each firearm." *Id.* § 217.21(d).

You have attached with your request the Bureau's "Handgun Qualification Course" for our review and determination of whether it meets the state's standard as promulgated by the Commission. *See* Request Letter, *supra* note 3, at 1 (Appendix 2). This document sets out the various distances, rounds, positions, and time periods in which a service-authorized handgun must be fired and the minimum qualifying score. *See id.* We cannot, however, determine as a matter of law that the Bureau's qualifying standards meet the state's standard, as required by the Act. First, that question requires a factual determination, and we cannot resolve questions of fact in the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0156 (2004) at 6, 10 (stating that fact questions cannot be answered in the opinion process); GA-0128 (2003) at 5 (stating that a question requiring resolution of particular facts is "not one in which this office ordinarily engages in the opinion process"). Second, such a determination is more appropriately made by the Commission, the agency charged with promulgating and administering the state's firearm proficiency standards. Finally, we note that in addition to meeting the state's firearm proficiency standards, an individual must satisfy the other requirements of the Act for a qualified retired law enforcement officer and carry one of the two types of identification in order to carry concealed firearms under the Act. *See* 18 U.S.C.A. § 926C(c)(1)–(7) (West Supp. 2006) (stating qualified retired law enforcement officer requirements), (d) (describing required photographic identification or photographic identification and certification that a qualified retired law enforcement officer must carry).

## S U M M A R Y

The federal Law Enforcement Officers Safety Act of 2004 (the "Act") permits a qualified retired law enforcement officer to carry concealed firearms if the officer "has met . . . the State's standards for training and qualification for active law enforcement officers to carry firearms." 18 U.S.C.A. § 926C(c)(5) (West Supp. 2006). In Texas, a qualified retired law enforcement officer must meet the firearms proficiency standards set out in title 37, section 217.21 of the Texas Administrative Code. We cannot, however, determine in an attorney general opinion that any particular agency's qualifying standards meet the state's standard, as required by the Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee